Good morning, Your Honor. May it please the Court, Drew Eymann on behalf of Plaintiff Mr. Williams, and I intend to reserve three minutes for rebuttal. As the Court is aware, this case concerns the application of the Arizona Department of Corrections policy prohibiting sexually explicit materials to a large number of publications in this case, primarily mass market magazines and books. There are several issues in this case. I'd like to start with the one in which the District Court first erred, in which Mr. Williams argued that the District Court should have appointed counsel for him or provided him access to the evidence submitted with the Department's summary judgment motions. The Department has argued that it didn't matter that he couldn't see the evidence below when he was proceeding pro se, and that it's been solved in any event because of the appointment of pro bono counsel on appeal. I submit that the simplest route forward in this case, Your Honors, is to reverse that particular error and to remand the merits to the District Court for further proceedings. For two reasons, this issue has added significance given the changes since the District Court's decision. The first of those is the publication of this Court's prison legal news case, which eliminated a provision of the Department's policy, Section 1.2.17, which prohibited publications that might cause sexual excitement or arousal. Both the Department and the District Court relied heavily on that provision in its opinion below. The other reason is that in the prison legal news case, this Court interpreted this very Department policy for the first time as applying only when materials are sufficiently graphic. The District Court did not have the And second, Your Honors, the Department has taken new positions on appeal. This is as to the very application of this policy as to the various publications. This is more than just a preservation problem. This is an evidentiary problem. Defense counsel's thoughts on which sections of the policy a particular publication might violate are not evidence and could not support the basis for summary judgment. While under the Turner standard, courts are deferential to the professional judgment of prison officials, there must be some judgment of the prison officials to defer to. And here, there is often not. In prison legal news, when this Court was unclear as to exactly why the District Court made a particular decision in applying as to the Department's application of this policy to a particular publication, it decided to remand for the Department to clarify its position, and if necessary, for the District Court to consider whether alternative basis apply. It seems appropriate to do the same here. Well, counsel, there aren't any disputed issues of fact, are there? There are disputed issues of fact, Your Honor. As to what? There are certain, so for one example, Your Honor, there's a number of books that have been prohibited in this case. Three of those books, there is no evidence whatsoever as to why those books were excluded in the first place. There's no decision of the prison officials, in the record at least, as to why those books were excluded. So at the very least, for those reasons, why those books were disputed, and it's the Department's burden on summary judgment to produce those evidence. Didn't they put in descriptions of the books? They put in descriptions of the books, Your Honor. The descriptions are in the record. They are in the record, Your Honor. And the parts of the policy that survived prison legal news, of course, are in the record. They are in the record, Your Honor. And so if, for example, we were to decide, based on what they put in the record, that as a matter of law, these were covered by one or more of the parts of the regs that are left, there would be, in that circumstance, if those were our determinations, no disputed issues of fact on the books, right? Your Honor's statement is accurate, although what is not in the record is the Department's decision to exclude those publications under. And so this Court's very deferential to the decisions of prison officials, but there must be actual decisions of prison officials. Well, there was a decision. What you're saying is they didn't state the basis of the decision sufficiently to your taste. Correct, Your Honor. They did not state the So, is that error? Yes, Your Honor. Where? Why? The prison officials have admittedly broad discretion in order to There's a description of the books as a decision, right? You're saying you should have told us what you found in those books to violate the policy in order for your decision to be valid? Not only what they found in those books, Your Honor, but the particular policy under which they excluded those books. We know that the Do you have a case that says that that type of particular detail must be provided in order for the decision to be valid? Well, I would point, Your Honor, to the prison legal news case in which it was unclear as to the Department's basis for the Department's decision. This Court decided to remand for clarification instead of picking which policy I thought prison news set what barriers the prison officials could impose and found that the barriers were wrong and new barriers had to be imposed. But I don't remember them saying, You've got to tell us your rationale. They don't. It does not go that far, Your Honor. Oh, it doesn't. But you are going that far. And I thought you might like to tell me a case that says that that's required. I do not have a case for Your Honor. I think in order to in order for this Court to what is what's under review for this Court is the decisions of the prison officials. Would you be satisfied with a remand that told the district court to look at certain photographs to see whether certain publications, photographs and publications, to see whether they violate the proper standards or not? I would, Your Honor, I would need the Department to put forward the basis on which they prohibited those publications. I think that is the fundamental underlying issue here. Well, they could say the basis, you mean on remand, that have put forward. Correct. Yeah. Well, they could say we've read prison news and these are banned. Is that enough? I mean, if the photographs or the publications don't show total nudity or sexual congress, they should be provided to the prisoner, correct? Yes, Your Honor. Wouldn't you be satisfied with that? It would be better. Thank you. So, Counsel, I have a question about these 16 missing photographs. Yes, Your Honor. So if I use that term, you know what I'm talking about? I do, Your Honor. All right. So with regard to the 16 missing photographs, can you represent to us that plaintiff would be able to identify for, for example, for the district court which photographs were excluded and then, I guess, destroyed? I believe so, Your Honor, because they, at the district court level, the parties were able to eventually narrow down the photographs to which particular order that Mr. Williams submitted. Standing before you here today, I cannot identify for Your Honor exactly. I would not be able to describe. No, I'm not asking you to do that. I'm asking if we were hypothetically to send this back on the 16 photo issues. Are you able to tell us that you could do that in the district court? I believe so, Your Honor, because Mr. Williams submitted certain orders and we know which order he submitted for which the photographs are missing. So presumably, Mr. Williams would be able to, presumably, the department would be able to just reorder the photos. Well, before they could do that, you'd have to tell them what they would have to reorder, right? Correct. And haven't you done that with the 16 missing photographs? I'm sorry, Your Honor? Haven't you indicated already what photographs are missing, 16 photographs? Yes, Your Honor. The 16 missing photographs are from a particular order. I believe it's the, from a FIA girl's publication. So there is a particular order from which the photos are missing. But would your client be able to identify, but there are more than 16 in that order, right? Correct. So would your client, you believe, be able to identify which 16 were missing? Well, frankly, I'm not sure, Your Honor, because he never saw any of these photos in the first place. You know, these, the other photos that, that did reach him, he was not provided access to those photos in the first place. So I don't know that Mr. Williams will be able to identify, oh, here, here are the photos that I intended to receive, and here are the photos that are missing. Well, I guess then, how's his injury redressable if he can't identify which 16 photos are missing? Sure. Thank you, Your Honor. The department should know. The department is the one who received the photos. The department is the one who, we know what, what photos Mr. Williams ordered. There's, there are particular, there's records of the particular order. The department was able to recover a partial copy of some of those photos. But in any event, Your Honor, even if Mr. Williams isn't able to identify, here are the particular photos that were missing, I think we have a exfoliation problem here, because it's the department's burden as the possessor of these materials to preserve them. And if the department has failed to preserve them, then that's a problem for the department. But the question goes to relief. What would the relief be? I mean, the relief is obviously not, in this case, them writing you a check, right? Yes, Your Honor. There's a problem with that. And I may ask your friend about that. But that's not the relief you seek. You seek some sort of equivalent to like, replevant or something. Your Honor, I think the, what we do know is the exact order that Mr. Williams submitted. And so, the remedy here would just be just to resubmit that order again. And when the photos come back, you can compare those photos to what the department has in their records and be able to tell which photos are missing. And I see I have three minutes left, so I'll reserve the remainder of my time. Thank you. All right. Good morning, Your Honors. May it please the Court, my name is Rebecca Baines on behalf of the defendants. The District Court properly granted summary judgment in this case. And I'll turn to some of the topics that were addressed in my counsel's opening argument. This Court is correct that there are no disputed issues of material fact in this case. Instead, the question involves whether or not the prison officials properly exercised their judgment and whether or not they rationally applied the department order to the items at issue in this case. As to the parts of the policy that still survive. That is correct, which is most of the policy except for one portion of one subsection. But that one subsection was what was used to exclude some of the materials, right? Yes, in conjunction, I think, with other portions of the policy. And as the department has explained in its briefing, no items at issue that were withheld were not also wrongly withheld based on another portion of the policy. So I have a few things I wanted to go through with you on that. So this September 2016 issue of L. Yes, the department has conceded that that was wrongly withheld. So we can put that aside. Correct. All right. So if I refer to numbered FIA girl photos, you'll know what I'm talking about? I believe so. All right. So can you tell me what basis the department relies on for the exclusion or for not furnishing to the prisoner FIA girl photos 1, 6, and 7? So I believe photographs 1, 6, and 7, we have not, we would concede that those ones also, that those do not contain nudity. All right. We didn't respond to those. So those need to be reversed? Yes. All right. Go ahead. Thank you. Thank you, Your Honor. And I appreciate the opportunity to clarify that. But as to the remaining items that were excluded, plaintiff, Mr. Williams, in this case, did not point out a case, as Judge Beha recognized, that sets forth a bright-line rule that requires the department to provide the specific subsection of the policy that the items were withheld under. Now, all I was saying was that the rationale of decision does not have to be provided if the evidence and the law applied are correct. Yes. I believe that that is absolutely correct. That's all I'm saying? Yes. Yes. I agree with that. I was trying to... I'm not saying the decision was correct. Right. So I am arguing that that decision is correct, that the rationale does not necessarily have to be set forth at the time when, especially in this case, the district court is able to view each item of evidence to have, you know, the department's justifications for why they are withheld under the policy, even if it was maybe not contemporarily offered for each individual piece of evidence, that when the department is able to conclude that as a matter of law, the department properly withheld them because no reasonable juror could conclude that the department irrationally applied the policy to withhold the items at issue. So if this court has further questions on the specific items, I'm happy to answer them. So what is the government's position on the 16 missing photos? Yes. So the government maintains its position that Mr. Williams has waived this argument by expressly waiving it to the district court by asking it simply to grant him summary judgment so he could seek review in this court. That's not a proper litigation tactic. Instead, issues must be appropriately presented to you and actually decided. And for example, in this case, the court gave Mr. Williams the opportunity to argue to it why it was wrong on the standing, why his injury could be redressed. But instead of doing that and committing to that, he just says, well, the court's not going to find in my favor, so grant summary judgment and I'll take it up on appeal. That amounts to an express waiver, and this court should really not consider those items. Okay. Well, let's assume we were going to consider it. What's the state's argument, if any, beyond waiver or forfeiture? Yes. If this court does not agree with our waiver argument, the department would concede that if it can be identified what those items are at issue, then he may have standing to challenge those. And the department has somehow stipulated, I might be using the wrong word there, that it could reorder these? So the department below, it appears that that would be possible because it said in response to one of the motions that if it was clear what photographs were issue, it would purchase those. And the department has not raised any type of 11th Amendment argument here, correct? It has not. As far as, I mean... With regard to repurchasing the photos. Correct. And the department offered, did that with other items in the record, so I don't think that's an issue here. And then regarding the plaintiff's argument that the district court's decision to deny Mr. Williams' request for counsel, it was not an abuse of discretion at the time that the court ruled on it and throughout the case, and nor does it provide an independent grounds for this court to reverse. At the time, Mr. Williams showed that he was an able pro se litigant who could articulate his claims, and there was no grounds for the court to grant him counsel. If this court has further questions, I'm happy to answer them, but I will defer to our briefing on the items at issue and all of the arguments raised. All right. Thank you, counsel. Thank you. Counsel, you have some time left. Thank you, Your Honor. Just briefly on the standing issue, it is true that Mr. Williams expressly asked the district court to go ahead and enter judgment. Normally, you generally cannot, as a litigant, consent to entry of judgment and preserve that issue for appeal. However, there is an exception that this court identified in the case of Slavin v. American Trading Transportation Company that if, as long as the litigant expressly preserves an issue for appeal, then the issue is preserved, and Mr. Williams did expressly preserve the issue for appeal. So there's no waiver issue here. As for the appointment of counsel argument and access to the evidence, we agree that the standard of review is abuse of discretion. However, the district court did abuse its discretion here because when it declined to appoint counsel for Mr. Williams below, it held that Mr. Williams had not shown that counsel is necessary to remedy Mr. Williams' inability to investigate the evidence. But at the time, it was undisputed that Mr. Williams did not have any access to the evidence, let alone a hardship in gaining access to the evidence. And unless this court has any further questions, we'll rest on our briefing. Thank you. Thank you very much. We thank counsel for their arguments, and the case just argued will be submitted.
judges: BEA, BENNETT, THOMAS